**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| MOHAMED ABDALLAH OMRAN | CIVIL ACTION NO. 18-0352 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before this Court is a request for permission to file a Bivens claim by *pro se* Plaintiff, Mohamed Abdallah Omran ("Omran"), filed March 16, 2018. See Record Document 1. A Bivens claim is "[a]n action alleging that a federal government actor committed constitutional violations . . . ." Doe v. Robertson, 751 F.3d 383, 387 (5th Cir. 2014) (citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395, 91 S. Ct. 1999, 2004 (1971)).

Omran names the United States of America, Officer Hartnet, the Immigration and Enforcement Officer, David Cole, the Warden of LaSalle Parish Detention Center ("LPDC"), Ms. Shepard, the supervisor of the mail clerk and member of the grievance committee at LPDC, Kelsey Villemarette, the mail clerk at LPDC, and Gary Cloud, the employee responsible for the handling of grievances at LPDC, as Defendants. Omran requests declaratory relief that the Defendants violated his constitutional rights, an injunction ordering the Defendants to pay all court costs, an injunction ordering the Defendants to pay for Omran's legal mail as long as Omran is indigent, and any other relief the Court deems just and proper.

Omran is no stranger to filing lawsuits within this jurisdiction and because he is a three strikes plaintiff pursuant to 28 U.S.C. § 1915(g), the Fifth Circuit has "barred [Omran]

from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." Omran v. United States, 668 F. App'x 131, 133 (5th Cir. 2016). Furthermore, Omran was sanctioned by this Court in an Order requiring the Clerk of Court to decline to file any civil complaint submitted by Omran unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. See 17-cv-00064, Record Document 15. Additionally, the Court ordered that any motion to proceed *in forma pauperis* that accompanies such a complaint be referred to a district judge for action. See id.

In the complaint now before this Court, Omran contends that the Defendants deprived him of his Fifth Amendment due process right of access to court by failing to provide the necessary postage to mail his legal document to the United States Supreme Court. See Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977). Omran made the same legal argument in a Motion for Writ of Mandamus in his criminal matter, United States v. Hassan, No. 1:14-CR-00035-01, 2017 WL 2267197, at *1 (W.D. La. Feb. 15, 2017), aff'd sub nom. United States v. Omran, 712 F. App'x 441 (5th Cir. 2018). Both the district court and the Fifth Circuit rejected this argument. See id., Record Documents 138, 144 & 175. The Fifth Circuit reasoned:

> Omran asserts the detention center's providing him with several number-10 envelopes instead of a single, larger envelope deprived him of meaningful access to the courts in violation of his constitutional rights, making his petition for writ of certiorari impracticable. E.g., Bounds v. Smith, 430 U.S. 817, 824–25 (1977) ("indigent inmates must be provided . . . with paper and open to draft legal documents . . . and with stamps to mail them"). Nevertheless, the detention center provided him with mailing materials and postage sufficient to mail his petition to the Court, and he successfully filed his petition for writ of certiorari, although it was denied. Omran v. United States, 137 S.Ct. 699 (2017). In short, the envelopes were a satisfactory

> method to obtain relief, and the district court did not abuse its discretion in denying his petition. Denson, 603 F.2d at 1146.

Record Document 175 at 3. The Fifth Circuit noted that a writ of mandamus was not the proper procedural device for the relief sought by Omran, stating that his request for relief should have been brought under Bivens. See id. Nonetheless, the constitutional violation alleged by Omran in the present Complaint and those alleged in his Motion for Writ of Mandamus are identical. The Fifth Circuit held no constitutional violation occurred and resubmitting his request under Bivens does not nothing to change such outcome.

Moreover, Omran argues that he has a due process right to receive a response to his grievances filed with the grievance committee at LPDC. See Record Document 1 at 6. However, in Geiger v. Jowers, the Fifth Circuit held that a "[prisoner] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the Court finds that Omran's complaint is duplicative and Omran has not shown a compelling reason why this Court should allow the current complaint to be filed because even accepting his allegations as true, no constitutional violation occurred.[1]

Accordingly,

**IT IS ORDERED** that Omran is **DENIED** permission to file the instant Complaint. The Clerk of Court is therefore instructed to **STRIKE** the Complaint and **CLOSE** the case.

---

[1] See Riggs v. Jordan, No. 3:17-CV-473, 2018 WL 774039, at *5 (W.D. La. Jan. 4, 2018), report and recommendation adopted, No. 3:17-CV-0473, 2018 WL 752356 (W.D. La. Feb. 7, 2018) (finding that an indigent inmate is not entitled to unlimited free postage, but only that he not be denied a reasonably adequate amount of postage to present his claimed violations of fundamental constitutional rights to the courts); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 21st day of March, 2018.

                                                                          _____
                                                                  S. MAURICE HICKS, JR., CHIEF JUDGE
                                                                       UNITED STATES DISTRICT COURT